[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: (129) DEFENDANT'S MOTION TO MODIFY CUSTODY (130) DEFENDANT'S MOTION RE: EXCLUSIVE POSSESSION (131) DEFENDANT'S MOTION TO MODIFY VISITATION
This is an action for dissolution of marriage. Incorporated in this action are orders of this court entered April 23, 1997 pursuant to a stipulation of the parties in regard to an application for relief from physical abuse filed by the plaintiff as per Sec. 46b-15, Conn. Gen. Statutes.
This court heard evidence and testimony concerning the three motions cited above. Having considered that evidence and also considering the provisions of Sections 46b-56 and 46b-83, Conn. Gen. Statutes, the court makes the following findings and orders.
The orders of April 23, 1997 provide, inter alia, that the parties shall share joint legal custody of their minor child, Kristin Cianciolo, born November 21, 1992. Primary residence of the child was ordered to be with the plaintiff who was to have exclusive possession of the marital residence. The defendant was to have supervised visitation with the minor child.
The defendant has moved to modify those orders.
The defendant testified that at the time she stipulated and agreed to those orders on April 23, 1997 she was severely depressed, participation in fertility treatments, and was taking a number of prescription medications related to those health issues.
She also testified that the plaintiff had mislead her into believing that he was concerned and supportive about her heal h, that he was going to work with her to reconcile the marital issues, and that the agreed upon orders would not be remaining in effect for any lengthy period of time. Based on those CT Page 10696 misrepresentations she said that she was in agreement with the orders. She further testified that she was asked not once but three times if she agreed to the terms and provisions of the written stipulation and that she had answered that she did agree. She was represented on that date by the same counsel who represents her in regard to these motions. There is no motion pending to vacate or set aside those orders.
The court heard from Dr. Winship who testified that he had been treating the defendant since April and that she did have appreciable mental and emotional problems at that time, but that under his course of treatment, including medication, she had experienced considerable improvement. He testified that she was capable of meeting all of her responsibilities and that there is no reason to continue to deny her custody of her four year old daughter.
The court also heard testimony from Dr. Black who had evaluated Kristen and had met both the plaintiff and defendant. He testified that the child is currently suffering from normal separation anxiety as a result of the current orders. He further testified that, in his opinion, mother's visitation need not be supervised, but any change in the current custody and living arrangements would be unsettling and more detrimental to the child at the present time. For that reason he recommended that the orders concerning custody and possession of the marital residence not be changed until extensive evaluation by a qualified clinician could be conducted and reported to the court.
There was no evidence offered that the plaintiff was an inappropriate custodian or that his sole custody of the minor child is detrimental to her emotional or physical well being.
The attorney for the minor child reported that she concurs with the recommendation to dispense with the need for supervised visits, but that, in her opinion, it would not be in the best interest of her client not to modify the custody or living arrangements at the present time.
It is apparent to the court that the plaintiff and defendant both love their daughter and want to protect her from any emotional or physical harm.
Based on the evidence and testimony, the court finds that visitation by the defendant and her minor child need not be CT Page 10697 supervised by her parents or any one else.
The visitation of the defendant is increased to the following: every Monday, Wednesday and Friday after school until 7:00 p. m. The defendant is to meet the child at the school bus and return her to the marital residence after each visit. Additionally, the defendant is to have visitation on alternate weekends from Saturday at 10:00 a.m. until Sunday at 7:00 p. m.
The court further finds that it would not be in the best interest of the minor child to modify the custody order at this time and, for that reason, that motion is denied. For the same reason, the motion of the defendant for exclusive possession is also denied.
The parties are ordered not to have any conversations with the minor child either directly or through third parties concerning the issues in this case. Failure to comply with that order will be a factor in any future decisions of this court.
By The Court,
Joseph W. Doherty, Judge